**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

**In re:**

| | |
|---|---|
| **Taylor M. Francois Bodine** | **Case No. 21-11238-KHK** |
| **Debtor** | **Ch. 7** |

# DEBTOR'S OPPOSITON TO US TRUSTEE'S MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE

Comes now, the debtor, by counsel, and responds as follows to the motion to extend time filed by the United State Trustee (hereinafter "OUST") in this matter.

Statement of facts:

1. The debtor filed the instant chapter 7 case on July 12, 2021. What drove debtor into bankruptcy were three particular creditors with pending lawsuits in the state of California, New York, and Virginia.

2. A meeting of creditors was conducted on August 18, 2021, and while debtor recalls being questioned by one of her creditors, she does not recall an appearance or questioning by the OUST.

3. On October 1, 2021, as expected by debtor, one of her creditors filed a non-dischargeability complaint. A few hours later, a secondary non-dischargeability complaint was filed by another creditor.

4. On October 15, 2021 -three days before the deadline for filing a complaint objecting to discharge- the OUST filed the instant motion seeking an

extension of time. On October 22, 2021, after the expiration of the deadline to object to debtor's discharge the OUST filed a motion seeking permission to conduct a 2004 examination.

5. At no point in time does debtor recall receiving any communication from the OUST regarding her case; no request for more information, documents, explanations, etc.

Legal Argument:

**The right to extend a deadline is not automatic. Moreover, the OUST has not demonstrated any "cause" to prevail on her motion.**

In the case of *In re Schepmann (Bankr. Kan. 2019)* the bankruptcy court had the following to say when it comes to deadlines: Deadlines in the bankruptcy rules mean what they say.1 The deadline to file complaints to except debts from discharge or to object to a debtor's discharge (generally, "discharge objections") is 60 days after the first scheduled § 341 meeting of creditors.2 That deadline may only be extended for cause and the party seeking the extension has the burden to show it. Courts consider whether the debtor has failed to cooperate and whether the creditor has been duly diligent, among other factors.

From there the Court went on to explain what the courts mean by "cause" in this context. The court stated: Determining what is sufficient cause to extend the deadline is a factually driven analysis, but bankruptcy courts have developed a set

of factors to consider.27 These include—(1) whether the Debtor refused in bad faith to cooperate with the creditor (citation omitted); (2) whether the creditor had sufficient notice of the deadline and the information to file an objection (citation omitted); (3) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues (citation omitted); (4) whether the creditor exercised diligence (citation omitted); and (5) the complexity of the case (citation omitted)."

Applying this criteria to the case at hand, the fact of the matter is that: 1) the debtor did not act in bad faith as far as her cooperation with the OUST goes; 2) clearly the OUST had notice of the objection deadline and the information to file an objection 3) Collateral estoppel on the relevant issues is most certainly a factor since the two pending complaints filed by the two major creditors in this case represent almost all of debtor's debt in the case with the exception of her non-dishargeable student loan debt. In fact, the work sought by the OUST is pretty much redundant in this case; 4) the OUST did not exercise any diligence, but instead procrastinated until the last moment and assumed that it's motion will be automatically granted. As previously stated, no information was ever sought from debtor at any point in the case and no timely motion for a 2004 examination was filed; and 5) there is nothing particular complex about this case.

The assertion by the OUST (paragraph 7 of his motion) that he needs additional time so that "he can complete his investigation of the circumstances of this case, which will enable him to determine whether filing a complaint objecting to discharge is warranted in this case" is without merit. The OUST is a very sophisticated entity. As such, from day one when the petition was filed and the debtor revealed that there were three pending lawsuits in three separate states, that these lawsuits involved damages in excess of $500,000, that debtor was self-employed and has operated several corporate entities over the years, that debtor was occupying a home with a value of over one million dollars, the OUST knew or surely must have known that "something might be up." In that same vein, an appearance by the OUST at the 341, and merely observing the intense interrogation by one of the creditors that filed a complaint for non-discahrgeability would have easily led the OUST to conclude that this might be one of those cases deserving of a closer look. Finally, on October 1, 2021, when two of the three key creditors filed simultaneous coordinated "strikes" the OUST at that point certainly should have awakened.  But, instead of immediately filing the instant motion requesting more time, it chose to sit silent for another 14 days before filing its pleading at the last moment.

Courts around the country have similarly held that when the creditor does not act with dispatch, they should not expect their lack of due diligence and their

failure to promptly act to be rewarded with an extension of time. Take for instance *In re Kramer, 492 B.R. 366 (Bankr. E.D. N.Y 2013)*, or *In re Vinson, 509 B.R. 128 (Bankr. S.D. Ohio 2013)* (where the court states that they expect "compelling" reasons before granting an extension of time), and finally, *Link v. Mauz (In re Mauz), 513 B.R. 273 (Bankr. M.D. Pa. 2014)* [""In light of the importance of the bankruptcy discharge—which has been referred to as "the heart of the fresh start"—it is important to require objecting creditors to diligently and promptly either assert an objection, or move to extend the discharge deadline." Link v. Mauz (In re Mauz), 513 B.R. 273 (Bankr. M.D. Pa. 2014)"].

In short, the OUST has the burden of proof to demonstrate why it "slept on its rights" and that "cause" exists to merit the extension it seeks. Based on the foregoing facts it is hard to imagine a scenario where the OUST could meet such burden.

Respectfully submitted,

/s/Robert S. Brandt,
VSB # 46196
The Law Office of Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
(703) 342-7330
brandt@brandtlawfirm.com
Counsel for Debtor

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing Opposition to Motion Seeking Extension of Time by US Trustee was served by CM/ECF on this 3rd day of November, 2021.

                                                  /s/Robert S. Brandt